IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FRANCISCO HERRERA, ) | |
| ) | |
| Movant, ) | |
| ) | Cv. No. 2:21-cv-02010-SHL-atc |
| v. ) | Cr. No. 2:17-cr-20096-SHL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER MODIFYING THE DOCKET, DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Francisco Herrera, Bureau of Prisons register number 30188-076, who is currently incarcerated at the Federal Correctional Institution in Herlong, California (ECF No. 1),[1] and the United States's Response in Opposition to Defendant's Motion Under 28 U.S.C. § 2255 ("Answer") (ECF No. 10). For the reasons stated below, the Court **DENIES** the § 2255 Motion.

I.     BACKGROUND AND PROCEDURAL HISTORY

A.     Criminal Case No. 2:17-cr-20096

On April 12, 2017, a federal grand jury in the Western District of Tennessee returned a four-count indictment charging Herrera, a convicted felon, with possessing four firearms, in violation of 18 U.S.C. § 922(g)(1). (Criminal ("Cr.") ECF No. 2.)

---

[1] Herrera's current address was obtained from the BOP's Inmate Locator, https://bop.gov/inmateloc/ (searched Jan. 19, 2024). The Clerk is directed to mail copies of this order and the judgment to Herrera at that address.

Herrera filed a Motion to Suppress the firearm evidence on June 12, 2017. (Cr. ECF No. 21.) After conducting an evidentiary hearing, the Court denied the motion. (Cr. ECF No. 30.) Pursuant to a written plea agreement, Herrera plead guilty to the indictment on July 24, 2017, but reserved his right to appeal the denial of the Motion to Suppress. (Cr. ECF Nos. 33, 36.) On October 24, 2017, the Court sentenced Herrera to a term of imprisonment of seventy-seven months to be followed by a two-year supervised release period. (Cr. ECF No. 49.) Judgment was entered on October 24, 2017. (Cr. ECF No. 51.)

Herrera appealed the Court's denial of the Motion to Suppress on October 25, 2017. (Cr. ECF No. 52.) The United States Court of Appeals for the Sixth Circuit affirmed the Court's decision on May 23, 2018. *United States v. Herrera*, 733 F. App'x 821 (6th Cir. 2018).

**B.     Herrera's § 2241 Petition**

On October 28, 2020, Herrera filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") in the United States District Court for the District of South Carolina, arguing that his conviction is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Petition for Writ of Habeas Corpus, *Herrera v. Barnes*, No. 9:20-cv-03779-RMG (D.S.C. Oct. 28, 2020), ECF No. 1.) On December 2, 2020, United States Magistrate Judge Molly H. Cherry issued a report and recommendation ("R&R") recommending that the § 2241 Petition be dismissed for want of jurisdiction because Herrera failed to establish that the § 2255 remedy was inadequate or ineffective. *Herrera v. Barnes*, No. 9:20-3779-RMG-MBC, 2020 WL 8455087 (D.S.C. Dec. 2, 2020). On December 23, 2020, United States District Judge Richard Mark Gergel adopted the R&R and dismissed the § 2241 Petition without prejudice. *Herrera v. Barnes*, No. 9:20-03779-RMG, 2020 WL 7640475 (D.S.C. Dec. 23, 2020). Herrera did not appeal.

  C. **Herrera's § 2255 Motion**

On January 5, 2021, Herrera filed his *pro se* § 2255 Motion, arguing that his conviction is invalid in light of *Rehaif* because he was not aware that he was barred from possessing a firearm. (ECF No. 1.)  The Court issued an order on January 11, 2021, directing the Government to respond. (ECF No. 4.)  The Government filed its Answer on March 4, 2021.  (ECF No. 10.)  Herrera did not file a reply.

**II. LEGAL STANDARD**

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).  Movant has the burden of proving that he is entitled to relief by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**III. ANALYSIS**

In its Answer, the Government argues that the § 2255 Motion should be denied because it is untimely.  (ECF No. 10 at 2–3.)  The Court agrees.[2]  Twenty-eight U.S.C. § 2255(f) provides

---

[2] Because the § 2255 Motion is untimely, it is unnecessary to address the other arguments advanced by the Government except to note that *Rehaif* requires only that a defendant know that he is a convicted felon, not that convicted felons cannot possess firearms.  *Greer v. United States*,

that "[a] 1-year period of limitation shall apply to a motion under this section." The running of the § 2255 limitations period begins to run on "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right have been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," Id. § 2255(f)(3). Herrera's motion is untimely under either calculation.

    A.    **28 U.S.C. § 2255(f)(1)**

Under § 2255(f)(1), the limitation period begins to run from the date that the conviction becomes final. "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). Here, the Sixth Circuit affirmed the denial of the motion to suppress on May 23, 2018. Herrera's conviction became final on August 20, 2018—the expiration of the time for filing a petition for a writ of certiorari with the United States Supreme Court. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). The running of the § 2255 limitations period commenced the next day, and it expired one year later, on August 20, 2019. Herrera signed his § 2255 Motion on December 28, 2020, (ECF No. 1 at PageID 13), more than sixteen months after the expiration of the limitations period. As a result, his motion is untimely under § 2255(f)(1).

---

141 S. Ct. 2090, 2095 (2021) ("In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm."); see also United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."). Herrera does not allege that he was unaware that he had previously been convicted of a felony.

**B.    28 U.S.C. § 2255(f)(3)**

Under § 2255(f)(3), the limitation period begins to run on the date on which the Supreme Court recognized the right asserted. The Court need not reach the question of whether *Rehaif* recognized a new right that applies retroactively, because even if § 2255(f)(3) were to apply, Herrera's motion is untimely. The *Rehaif* decision was issued on June 21, 2019, and, therefore, any new limitations period would have expired one year later. Herrera's § 2255 Motion was signed more than six months after the limitations period expired. Further, Herrera does not dispute that his § 2255 Motion is untimely under either provision. (ECF No. 1 at PageID 12.)

**C.    Equitable Tolling**

Although Herrera does not argue that he is entitled to equitable tolling, the § 2255 limitations period is subject to that doctrine. *Benitez v. United States*, 521 F.3d 625, 630, 636 (6th Cir. 2008). "The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks and citation omitted). However, "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson*, 624 F.3d at 784.

"The party seeking equitable tolling bears the burden of proving he is entitled to it." *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The statute of limitations should be equitably tolled until the earliest date on which the petitioner, acting with reasonable diligence, should have filed his petition." *Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012).

5

Herrera has not shown that he is entitled to equitable tolling. Indeed, in his § 2255 Motion, he states, "I must file a 2255 before [I] file a 2241 so, I must file this even if I am time [barred]." (ECF No. 1 at PageID 12.) It appears that Herrera misunderstands the reason his § 2241 Petition was dismissed and seeks to remedy that error by filing this untimely § 2255 Motion. However, ignorance of the law is not a basis for equitable tolling. *See, e.g.*, *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("the district court correctly concluded that the reasons Plummer actually gave for the delay in filing her petition—namely her need to find help and inexperience in the law—are not extraordinary circumstances warranting equitable tolling"); *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated *pro se* petitioner, is not grounds to toll the statute."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.").

Because the § 2255 Motion is time barred and Herrera has not demonstrated an extraordinary circumstance that justifies the delay, the Court **DENIES** the motion and **DISMISSES** the § 2255 petition **WITH PREJUDCE.**

IV.     APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless *every independent reason to deny the claim is reasonably debatable*." *Id.*

In this case, there is no question that the Movant's § 2255 Motion is time barred, therefore the Court **DENIES** a COA.

The Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must

7

file a motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, for the same reasons the Court denies a COA, any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**, this 12th day of February, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of entry of this Order.  *See* Fed. R. App. P. 24(a)(5).

8